**In re Ella V. MASK.**

**No. 04–06–00097–CV.**

Court of Appeals of Texas, San Antonio.

March 15, 2006.

Rehearing Denied March 31, 2006.

Calhoun Bobbitt, James L. Drought, Drought, Drought & Bobbitt, L.L.P., San Antonio, William A. Kessler, Jr., Kessler & Kessler, Uvalde, for appellant.

Sissy Sailors, Vance & Sailors, P.C., San Antonio, for appellee.

Paul J. Tarski, Law Office of Paul J. Tarski, Uvalde, for ad litem.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

In this original proceeding, Ella V. Mask challenges an order granting temporary limited guardianship of her person and her estate. Because the order was signed without proper service of notice on Mask, or her appearance, the trial court did not have jurisdiction to enter the order; therefore, it is void. Accordingly, we conditionally grant the writ of mandamus and order the trial court to vacate the temporary guardianship order.

### BACKGROUND

On January 23, 2006, Mask's grandsons, Ronnie and Jimmy Rogers, filed an "Emergency Application for Appointment of Temporary Guardian of the Person and Estate" asserting that Mask was an incapacitated person. The next day, the trial court signed an order appointing Ronnie and Jimmy as the temporary guardians of Mask's person and estate. It is undisputed that Mask was not notified of the application for temporary guardianship or the January 24, 2006 hearing as required by the Texas Probate Code.[2] Mask did not appear at the hearing.

The January 24, 2006 order recites that a hearing was held, evidence was submitted, and "pursuant to Section 875 of the Texas Probate Code .... imminent danger to the person or property of the incapacitated person exists." The order appoints Ronnie and Jimmy the temporary guardians of Mask's person and estate and authorizes them to take control of Mask's financial affairs; to take possession of and spend a maximum of $10,000.00 of Mask's assets; to make medical decisions regarding Mask's placement; to facilitate Mask's treatment; and to engage the services of health care providers. The order also gives Ronnie and Jimmy complete access to all of Mask's past, current and future medical records. By its own terms, the order is effective until March 23, 2006.

After learning of the temporary guardianship order, Mask retained counsel, who filed a motion to dismiss the temporary guardianship application. The trial court considered Mask's dismissal motion at a February 9, 2006 hearing. The trial court denied Mask's motion to dismiss but entered no other orders. Mask then filed the instant petition for a writ of mandamus. We stayed the order granting temporary guardianship and requested a response.

### STANDARD OF REVIEW

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Mandamus relief also is appropriate when a court issues an order beyond its jurisdiction-a void order. *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (orig. proceeding). When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000)

---

2. Real parties in interest assert in their brief that Mask was personally served *after* the January 24, 2006 order was signed, but the mandamus record does not include proof of any such service. The clerk's record indicates that only Paul Tarski, Mask's court-appointed attorney and guardian ad litem, was personally served with citation. However, Tarski was not served until January 30, 2006, six days after the trial court signed the order appointing temporary guardians. The Texas Probate Code expressly requires notice to the respondent and the respondent's appointed attorney before any hearing on the temporary guardianship application. TEX. PROB.CODE ANN. § 875(e) (Vernon Supp.2005).

(orig. proceeding); *In re Vlasak*, 141 S.W.3d 233, 235 (Tex.App.-San Antonio 2004, orig. proceeding).

### ANALYSIS

■■■ A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction of either the parties or the subject matter of the lawsuit. *In re Bokeloh*, 21 S.W.3d 784, 794 (Tex. App.-Houston [14th Dist.] 2000, orig. proceeding). For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules. *Perry v. Ponder*, 604 S.W.2d 306, 322 (Tex.Civ.App.-Dallas 1980, no writ). Generally, a trial court does not have jurisdiction to enter a judgment or order against a respondent unless the record shows proper service of citation on the respondent, or an appearance by the respondent, or a written memorandum of waiver at the time the judgment or order was entered.[3] TEX.R. CIV. P. 124; *Werner v. Colwell*, 909 S.W.2d 866, 869–70 (Tex. 1995); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 920 (Tex.App.-Corpus Christi 2003, no pet.). If a trial court enters a judgment before it acquires jurisdiction of the parties, the judgment is void. *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex.App.-Corpus Christi 1990, no writ) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)).

The Texas Probate Code does not authorize an *ex parte* or interim appointment of a temporary guardian pending the resolution of an application for temporary guardianship. *See* TEX. PROB.CODE ANN. § 875 (Vernon Supp.2005).[4] Under the current Texas Probate Code, a respondent in a temporary guardianship proceeding must be served with notice *before* a hearing is held on the application for temporary guardianship and a temporary guardian is appointed. *Id.* § 875(e). Section 875(e) provides:

> On the filing of an application for temporary guardianship, the clerk **shall** issue notice that **shall** be served on the respondent, the respondent's appointed attorney, and the proposed temporary guardian named in the application, if that person is not the applicant. The notice must describe the rights of the parties and the date, time, place, purpose, and possible consequences of a hearing on the application. A copy of the application must be attached to the notice.

**3.** An attempted waiver of service by an incapacitated person would be ineffective; therefore, this form of service is inapplicable in guardianship proceedings. *See Ortiz v. Gutierrez*, 792 S.W.2d 118, 120 (Tex.App.-San Antonio 1989, writ denied) (holding waiver of notice provisions in Texas Rules of Civil Procedure did not constitute exceptions to former guardianship statute's requirement that a proposed ward be personally served with notice of the guardianship application); *see also* TEX. PROB.CODE § 633(c)(1), (e) (Vernon Supp. 2005) (personal service of citation on a proposed ward who is 12 years of age or older is required in permanent guardianship proceedings; proposed ward may not waive the receipt of notice or the issuance and personal service of citation).

**4.** Section 875 of the Texas Probate Code used to permit the appointment of a temporary guardian before an application for temporary guardianship was even filed. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4151–52, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 997, § 2, 1999 Tex. Gen. Laws 3781, 3782, *amended by* Act of May 9, 2001, 77th Leg., R.S., ch. 217, § 17, 2001 Tex. Gen. Laws 410, 421–22. However, the 78th Texas Legislature amended § 875 to delete all references to the appointment of a temporary guardian prior to notice to the respondent and a hearing. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 277, § 1, 2003 Tex. Gen. Laws 1209–11 (amended 2005) (current version at TEX. PROB.CODE ANN. § 875 (Vernon Supp.2005)).

*Id.* (emphasis added). The respondent in a temporary guardianship proceeding is entitled to receive prior notice of the hearing on the application, to be present at the hearing, to present evidence, to confront and cross-examine witnesses, and to be represented by counsel. *Id.* § 875(f)(1)(A)-(D). A person for whom a temporary guardian is appointed "may not be presumed to be incapacitated." *Id.* § 874.

■ The current statute was in effect at the time Ronnie and Jimmy filed their application for temporary guardianship and applies to this case. Here, it is undisputed that when the trial court signed the order appointing temporary guardians of Mask's person and estate, Mask had not been served with notice under § 875 of the Texas Probate Code and had not otherwise appeared in the proceeding. Because the trial court had not acquired jurisdiction over Mask at the time it signed the order appointing temporary guardians, we hold that this order is void. *See In re B.A.G.,* 794 S.W.2d at 511–12 (when allegedly incapacitated person did not receive personal service as required by former guardianship statute, trial court's jurisdiction was not invoked and trial court's actions regarding guardianship were void); *Ortiz v. Gutierrez,* 792 S.W.2d 118, 119 (Tex.App.-San Antonio 1989, writ denied) (holding personal service requirement under former guardianship statute was jurisdictional, and therefore, trial court properly dismissed guardianship proceeding when proposed ward had not been personally served).

■ In response to Mask's petition, the real parties in interest argue the trial court's February 9, 2006 hearing "cured" any defects in the prior proceedings, and Mask waived "any infirmities in service of process or notice" by appearing at the subsequent hearing. Real parties in interest further assert Mask waived her complaint about the trial court's lack of personal jurisdiction by failing to file a special appearance. We disagree. A special appearance permits a nonresident defendant to challenge the court's personal jurisdiction over the defendant without being subjected to the jurisdiction of the Texas courts. Tex.R. Civ. P. 120a; *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). Personal jurisdiction requires both that the respondent be amenable to the jurisdiction of the court and that the court's jurisdiction be invoked by valid service of process on the respondent or an acceptable alternative. *Kawasaki,* 699 S.W.2d at 200; *Furst v. Smith,* 176 S.W.3d 864, 872–73 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Mask's complaint is not that she was not subject to the jurisdiction of the Texas courts, but that the trial court's jurisdiction over her was not invoked by complying with the Probate Code's notice requirements. *See* Tex. Prob.Code Ann. § 875(e) (Vernon Supp. 2005).

■ Additionally, a void order has no force or effect and confers no rights; it is a mere nullity. *In re B.A.G.,* 794 S.W.2d at 511; *In re Garza,* 126 S.W.3d 268, 271 (Tex.App.-San Antonio 2003, orig. proceeding). A void order is not subject to ratification, confirmation, or waiver. *In re B.A.G.,* 794 S.W.2d at 511; *In re Garza,* 126 S.W.3d at 271. We conclude Mask has not waived her right to complain about the void order appointing temporary guardians.

### CONCLUSION

Because the order granting a temporary limited guardianship of Mask's person and estate is void, we conditionally grant the writ of mandamus. The writ will issue only if we are notified that the Honorable William R. Mitchell has failed to vacate the

order within ten days from the date of this opinion.