

# NUMBER 13-12-00191-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE WILLIAM HAYES WYTTENBACH

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Per Curiam Memorandum Opinion[1]**

Relator, William Hayes Wyttenbach, filed a petition for writ of mandamus in the above cause on March 23, 2012 seeking that we "[o]rder the trial court erred and had NO jurisdiction in a NEW ORIGINAL PETITION and that it also has NO continuing jurisdiction in the underlying custody matter and that all orders made after the filing of the NEW original petition are VOID ORDERS and further order that this NEW trial court is to stay from making any further orders in this matter."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Mask*, 198 S.W.3d 231, 233–34 (Tex. App.—San Antonio 2006, orig. proceeding). A judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
27th day of March, 2012.

2