

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00804-CV

**IN RE BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE**,
Jonathan Watkins and Thomas Velez

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
             Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed:  December 31, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On November 19, 2014, relators Jonathan Watkins, Thomas Velez, and the Bexar County Criminal District Attorney's Office filed a petition for writ of mandamus, complaining of the trial court's orders requiring relators, jointly and severally, to pay sanctions to opposing counsel for submitting an application for protective order which the trial court found to be groundless and filed for the purpose of harassment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001, .004 (West 2002). We conclude the trial court's orders were entered after the expiration of plenary power and are void. Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2014-CI-05810, styled *State of Texas for the Protection of Janessa Brown v. Stephen F. Brown Jr.*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Solomon Casseb III presiding.

**BACKGROUND**

The State of Texas, through the Bexar County District Attorney's office, filed three applications for protective orders in three separate proceedings on behalf of Janessa Brown, a victim alleging family violence by her former spouse, real party in interest Stephen F. Brown Jr. The first, filed in May 2013 in Cause No. 2013-CI-07299, was dropped by the State at the victim's request and dismissed.

Alleging Stephen was continuing to harass her, Janessa later returned to the district attorney's office seeking assistance in obtaining a protective order. The second application for protective order, filed in August 2013 in Cause No. 2013-CI-13417, was based on the same factual allegations as the first, and was denied by the trial court. While declining to grant the requested protective order, the trial court did issue temporary orders and admonished Stephen to stay away from Janessa or risk entry of a protective order.

Janessa contacted the district attorney's office again concerning additional acts allegedly committed by Stephen on or about April 5, 2014. The third application for protective order, filed April 10, 2014 in the suit underlying this mandamus proceeding, contained the same conduct alleged in the first two, as well as allegations concerning the recent incident. Stephen filed his original answer on April 21, which was a general denial. The trial court entered an ex parte protective order and scheduled the matter for a full hearing on the merits.

At the April 29 hearing on the State's third application, after conferring with senior prosecutors regarding potential criminal charges pending against Stephen, Watkins and Velez advised the trial court that the State wished to drop the setting on the third application or, alternatively, nonsuit the proceeding, as long as it was without prejudice to refiling. Counsel for Stephen interjected that she would not accept a dismissal unless it was "with prejudice," and that she had affirmative claims for relief on file on behalf of Stephen. Counsel represented that an

amended answer containing a claim for frivolous filing and request for sanctions had been filed that morning, which needed to be set for hearing. The trial court signed an order granting the State's request for nonsuit and dismissing the third application for protective order without prejudice. The order notes that Stephen, as the respondent, had a motion seeking affirmative relief on file. The docket sheet reflects that on May 2, Stephen's counsel filed a "motion to set affirmative claims."

After a hearing on June 2, the trial court signed an order on June 12, in which it found the State's third application for protective order was "filed in an effort to harass the Respondent, to cause unnecessary delay and to needlessly increase the cost of litigation." The court ordered relators to pay sanctions to opposing counsel in the amount of $1,950.00. The order recites that the June 2 hearing was on "Respondent's Motion to Set Respondent's Affirmative Claims."

Relators filed a motion for new trial following the sanctions order and the trial court subsequently issued an order on September 16 modifying the June order. The September order contained additional findings and included the same award of $1,950.00 in attorney's fees as sanctions for filing a groundless application for the purpose of harassment. Relators challenge these two orders in this mandamus proceeding.

## ANALYSIS

Mandamus is an extraordinary remedy, available only when a trial court has clearly abused its discretion and a party has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus is appropriate where a trial court has issued an order after the expiration of its plenary power because such orders are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) (*citing In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). When the trial court's orders are void, mandamus relief

is available regardless of whether there is an adequate remedy by appeal. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Mask*, 198 S.W.3d 231, 233-34 (Tex. App.—San Antonio 2006, orig. proceeding).

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, ordinarily, a dismissal of one party's claims does not prejudice another party's right to have a pending claim for affirmative relief, such as a request for sanctions or attorney's fees, heard and determined by the court. TEX. R. CIV. P. 162. However, the other party's request for affirmative relief must be "pending at the time of dismissal" in order to survive a nonsuit. *Id.*; *see Crites v. Collins*, 284 S.W.3d 839, 842-43 (Tex. 2009) (motion for sanctions filed before order of dismissal remains pending after nonsuit). Here, the clerk's record provided to this court does not reflect that Stephen had any affirmative claim for relief pending prior to the order of dismissal signed on April 29, 2014. Although counsel represented that a claim for affirmative relief was contained in Stephen's amended answer, there is no file-stamped copy in the record and the trial court's docket sheet does not reflect the filing of an amended answer on behalf of Stephen.

If there are no other affirmative claims for relief pending on behalf of another party when the trial court grants a nonsuit and orders dismissal, the nonsuit is effective immediately and the trial court's dismissal order constitutes a final order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (order determining the last pending claim is final). Because the record in this case does not reflect any claims for relief pending prior to the State's nonsuit being granted, the April 29 order constitutes a final judgment. *See Lehmann*, 39 S.W.3d at 195 (judgment disposing of all pending parties and claims constitutes a final judgment); *see also Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) (finality can be achieved by dismissal).

Generally, a trial court retains jurisdiction over a case for only thirty days after the entry of a final judgment, absent the filing of certain post-judgment motions which may extend the trial

court's plenary power. *See* Tex. R. Civ. P. 329b; *Lane Bank Equip. Co. v. Smith S. Equip. Co.*, 10 S.W.3d 308, 310 (Tex. 2000). The court's plenary power runs from the date the trial court signs its final order. Tex. R. Civ. P. 329b(d), (e); *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009).

The trial court's April 29 order unequivocally dismisses the case from the trial court's docket. The record fails to reveal that any party filed any motion that would extend the trial court's plenary power within thirty days of the April 29 dismissal order. Therefore, the trial court's judgment of dismissal became final and the trial court lost plenary power over the parties and the case thirty days later, on May 29. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. After May 29, the trial court lacked jurisdiction to enter the orders challenged by this mandamus proceeding.

Because the challenged orders were entered after the expiration of plenary power, they are void. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Scheel v. Alfaro*, 406 S.W.3d 216, 226 (Tex. App.—San Antonio 2012, pet. denied) (no power to assess sanction after the expiration of plenary power). Because our determination of this issue is dispositive of the relators' right to mandamus relief, we need not address the remaining arguments asserted in relators' petition.

## CONCLUSION

Based on the foregoing analysis, we hold the challenged orders awarding sanctions against relators are void. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its June 12 and September 16, 2014 orders in their entirety. The writ will issue only if the trial court fails to comply within fifteen days from the date of this court's order.

PER CURIAM