

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00615-CV

**IN RE ADAN VOLPE PROPERTIES, LTD.**,
Maricela Volpe, General Partner and Juan A. Gonzalez

Original Mandamus Proceeding[1]

Opinion by:       Rebeca C. Martinez, Justice

Sitting:            Karen Angelini, Justice
                    Sandee Bryan Marion, Justice
                    Rebeca C. Martinez, Justice

Delivered and Filed:  December 31, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators, Adan Volpe Properties, Ltd., Maricela Volpe and Juan Gonzalez filed this

petition for writ of mandamus on September 2, 2014, complaining of the trial court's July 2014

order purporting to enforce and clarify a 2005 order referring the underlying litigation matter to

arbitration. Because we conclude the trial court's July 2014 order was entered after the trial court

lost plenary power, the challenged order is void. We conditionally grant mandamus relief.

## BACKGROUND

Donato Volpe Jr. filed suit in Webb County in 2003 seeking to avoid a business transaction

in which Donato agreed to sell his shares in a family partnership back to Adan Volpe Properties,

---

[1] This proceeding arises out of Cause No. 2003-CVF-000414-D2, styled *Donato Volpe Jr. v. Adan Volpe Properties, Ltd. and Maricela Volpe, General Partner*, pending in the 111th Judicial District Court, Webb County, Texas, the Honorable Elma T. Salinas Ender presiding.

Ltd. (AVP) and Maricela Volpe, as general partner. Donato alleged that he lacked the mental capacity to enter into the purchase and sale agreement when it was executed. AVP filed a general denial and, subsequently, a motion to compel arbitration based on provisions contained in the partnership and buy-sell agreements forming the basis of Donato's suit.

> After a hearing, the trial court signed an order dated November 1, 2004, stating:

> After considering Defendant Cross-Plaintiffs' motion to compel arbitration, the response, and arguments of counsel, and after a hearing on the motion, the court GRANTS the motion, orders the parties to arbitrate any dispute between them, and abates the proceeding pending the outcome of the arbitration.

When the parties were unable to agree on a qualified arbitrator, AVP filed a status report and motion to continue the status hearing. A status hearing was conducted on May 9, 2005, at which time the trial court appointed an arbitrator. At the conclusion of the hearing, counsel inquired whether another status hearing would be required. The court responded that no further hearing would be required and asked the parties to prepare an order appointing the arbitrator, stating, "As far as I'm concerned arbitration should take care of it." The trial court then signed a written order on May 17, 2005, referring the matter to arbitration, appointing an arbitrator, and dismissing the case. The May 17 order provides:

> The Parties having appeared before the Court on May 9, 2005, for a status hearing and having advised the Court that the Parties had been unable to agree upon an appropriate arbitrator, the Judge then, therefore, selected an Arbitrator upon the Court's own motion and assigned the matter for arbitration as per the agreement among the Parties dictated into the record in compliance with Rule 11 of the Texas Rules of Civil Procedure on November 4, 2004.

> IT IS THEREFORE ORDERED that the Honorable Antonio Figueroa be the assigned Arbitrator and that this case be dismissed from the Court's docket for any further proceedings to be in arbitration under the American Arbitration Association Rules as agreed to and required by and among the Parties.

It appears from the record that no further action was taken in the Webb County action or the arbitration proceeding for more than three years. AVP received correspondence from the appointed

arbitrator in September 2008 attempting to schedule the matter for arbitration. AVP responded in a letter to the arbitrator objecting to the arbitrator's authority and indicating it no longer agreed to participate in arbitration.

For some reason not readily apparent from the record, the Webb County case then appeared on the trial court's dismissal docket in December 2008. At that time, the judge indicated the case had already been dismissed and to "leave it on a closed out docket."

Without AVP's agreement, Donato and the arbitrator scheduled the arbitration to proceed in January 2009. In response, AVP filed a new lawsuit in Hidalgo County on January 2, 2009, against Donato, his lawyer, and the appointed arbitrator, asserting claims of fraud, breach of fiduciary duty, conspiracy, defamation, libel, intentional infliction of emotional distress, invasion of privacy and racketeering.[2] AVP obtained a temporary restraining order in the Hidalgo County case staying the scheduled arbitration. Donato then filed a motion in the Webb County cause number, attempting to enforce the trial court's order referring the claims in that case to arbitration. Believing Donato's motion in the Webb County case to be an action in violation of the Hidalgo County court's restraining order, AVP filed an emergency motion for contempt in Hidalgo County. The parties entered into a Rule 11 agreement passing the Hidalgo County contempt hearing and extending the temporary restraining order. The parties' agreement eventually expired by its own terms, and Donato never pursued a hearing on his motion to enforce the arbitration order in the Webb County case.

AVP eventually non-suited the Hidalgo County case in January 2013, after Figueroa, the arbitrator appointed in May 2005, submitted an affidavit stipulating that he was not qualified to serve as arbitrator in the Webb County case. Following the dismissal of the Hidalgo County suit,

---

[2] The Hidalgo County suit was filed in Cause No. C-151-09-F, styled *Adan Volpe Properties, Ltd. and Maricela Volpe, Its General Partner v. Eustorgio Perez, Individually, Donato Volpe Jr., and Luis Antonio Figueroa.*

Donato filed a new cause of action in Webb County asserting a claim against AVP for breach of contract.[3] Donato attempted to have this new cause transferred to the court where his initial 2003 suit had been filed, but the trial court declined to accept the attempted transfer. It appears that this 2013 breach of contract case remains pending in the 341st District Court in Webb County at this time.

In March 2013, Donato filed a motion for contempt against AVP in the original Webb County cause number, also seeking to enforce and clarify the trial court's 2004 and 2005 orders. After initially declining to set a hearing on Donato's motion, the trial court scheduled a hearing for May 27, 2014. The notice of setting indicates the purpose of the hearing as "status/dismissal." The hearing was re-set to June 2014. The notice of re-setting indicates the purpose of the hearing as "motion to enforce/contempt." On June 25, 2014, the trial court conducted a hearing at which it considered Donato's motion for contempt and to enforce and clarify the court's prior orders. During the hearing, Donato also made an oral motion for the appointment of a new arbitrator.

The trial court signed the order challenged by this mandamus proceeding on July 1, 2014.

## ANALYSIS

Mandamus is an extraordinary remedy, available only when a trial court has clearly abused its discretion and a party has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus is appropriate where a trial court has issued an order after the expiration of its plenary power because such orders are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding) (*citing Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). When the trial court's order is void, mandamus relief is

---

[3] This suit was filed in Cause No. 2013-CVF-000127-D3, styled *Donato Volpe Jr. v. Adan Volpe Properties, Ltd. and Maricelpa Volpe, General Partner*.

available regardless of whether there is an adequate remedy by appeal. *Sw. Bell Tel. Co*., 35 S.W.3d at 605; *In re Mask*, 198 S.W.3d 231, 233-34 (Tex. App.—San Antonio 2006, orig. proceeding).

The issue presented by this mandamus proceeding is whether the challenged order constitutes a legitimate exercise of the trial court's inherent authority to enforce its prior orders, or is void because the trial court lacked jurisdiction due to the loss of plenary power.

Generally, a trial court retains jurisdiction to modify, correct, or reform its judgment for only thirty days, absent the filing of certain post-judgment motions which may extend the trial court's plenary power. *See* TEX. R. CIV. P. 329b; *Lane Bank Equip. Co. v. Smith Southern Equip. Co*., 10 S.W.3d 308, 310 (Tex. 2000). After the expiration of plenary power, the actions a trial court may take with respect to its judgments are limited. *See* TEX. R. CIV. P. 329b(f). A trial court may correct clerical errors in the judgment, and has both a statutory and an inherent power to enforce its judgments. *See* TEX. R. CIV. P. 308; *see also Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) ("The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments."). A trial court may not, however, issue an enforcement order that is inconsistent with its original judgment or that otherwise constitutes "a material change in substantial adjudicated portions of the judgment" after its plenary power has expired. *See Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 194-95 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In addition, post-judgment enforcement orders may not require the performance of obligations not imposed by the original final judgment. *Id*. at 195.

A judgment that disposes of all pending parties and claims constitutes a final judgment. *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001). Whether an order amounts to a final judgment "must be determined from its language and the record in the case." *Id*. Finality can also be achieved by dismissal. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

The trial court's order dated May 17, 2005 unequivocally dismisses the "case" from the trial court's docket. No party appealed from this 2005 order, or sought to modify, correct or reform the language of the order within the trial court's plenary power. No party filed any motion that would extend the trial court's plenary power beyond the thirty day period established by the rules. Therefore, the trial court's judgment of dismissal became final and the trial court lost plenary power to change it thirty days after it was signed. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

The challenged order, signed by the trial court on July 1, 2014, more than nine years after the dismissal order, goes beyond enforcement of the 2005 order. The order contains the trial court's findings that the dismissal provision of the 2005 order was erroneous and improper. Further, it constitutes a substantive change from the adjudicative portions of the trial court's 2005 dismissal order and imposes obligations not contained in the original judgment. Because the challenged order was entered after the expiration of plenary power and goes beyond the trial court's inherent authority to enforce its judgment, it is void. *Wohlfahrt*, 193 S.W.3d at 194-95; *see also Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 840 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

## CONCLUSION

Having found the trial court's July 2014 order to be void, we conditionally grant mandamus relief. The trial court is directed to vacate its July 1, 2014 order. The writ will issue only if the court is advised the trial court has failed to act in accordance with this court's opinion and order.

Rebeca C. Martinez, Justice