

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00895-CV

Thomas Lee **FARR**, Sr., Farr Investments, L.P.,
and Farr Ranches, L.L.C.,
Appellants

v.

Jennifer Jo **BARNES** and Glenn McDonald,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2019-04-32729-CV
Honorable H. Paul Canales, Judge Presiding

Opinion by:   Sandee Bryan Marion, Chief Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: October 14, 2020

REVERSED AND REMANDED

Appellants Thomas Lee Farr, Sr., Farr Investments, L.P., and Farr Ranches, L.L.C. appeal an order dismissing their declaratory judgment action against appellees Jennifer Jo Barnes and Glenn McDonald. For simplicity, and because the business entities do not assert any interest or arguments independent of Thomas Lee Farr, Sr., we refer to Thomas Lee Farr, Sr., individually, and to appellants collectively, as "Farr."

Farr sought a declaration that orders entered in a previous temporary guardianship proceeding are void because he was not personally served with notice of the proceedings before

the court appointed a temporary guardian over his person and estate. The trial court in the present case granted Barnes's and McDonald's Rule 91a[1] motions to dismiss and awarded each of them attorney's fees pursuant to that rule. We reverse the order of dismissal and remand the cause for further proceedings.

### RULE 91A STANDARD

Rule 91a provides a mechanism whereby a party may move to dismiss a cause of action on the ground that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. Because a Rule 91a motion to dismiss presents a question of law, we review the court's decision on such a motion *de novo*. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

"A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1; *see Sanchez*, 494 S.W.3d at 724. Whether this standard is satisfied is determined solely by reference to the pleading on the cause of action and any permissible pleading exhibits. TEX. R. CIV. P. 91a.6; *see Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (court's factual inquiry is limited to plaintiff's pleading). The contention in this case is that Farr's declaratory judgment action has no basis in law.

We note that Barnes and McDonald appended to their motions to dismiss copies of documents filed in the guardianship proceeding, including a settlement agreement, an amendment to that agreement, the court's order approving the agreement, and the court's order terminating the temporary guardianship. McDonald also requested that the trial court take judicial notice of the entire guardianship proceeding file. On appeal, Barnes and McDonald again rely on factual

---

[1] TEX. R. CIV. P. 91a.

assertions not found within Farr's pleading. McDonald asks this court to take judicial notice of the court file in the guardianship proceedings[2] and appends to his brief various exhibits purportedly found in those files. Barnes appends to her brief an order and a hearing transcript from separate proceedings in a bankruptcy court.

In keeping with the required standard for reviewing a Rule 91a dismissal, we decline to consider any evidence or assertions of fact not found within Farr's pleading or pleading exhibits. *See* TEX. R. CIV. P. 91a.6 ("the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59"); *see also Reynolds v. Quantlab Trading Partners US, LP*, No. 14-18-00746-CV, 2020 WL 5105055, at \*4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2020, no pet. h.) (court may not take judicial notice in considering Rule 91a motion to dismiss); *San Jacinto River Auth. v. Burney*, 570 S.W.3d 820, 831 (Tex. App.—Houston [1st Dist.] 2018, pet. granted) (same).

## BACKGROUND

Applying the standard set out above, we confine our recitation of the operative facts to those alleged in Farr's pleading and pleading exhibits. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 656.

### *The guardianship proceedings*

Farr and Barnes have an extended history of litigation between them. During the course of one lawsuit, Farr's attorney informed the court that he was concerned about Farr's competency. As a result, Farr was ordered to undergo a mental evaluation. Subsequently, on August 15, 2016,

---

[2] McDonald states in his appellate brief that Farr asked the trial court to take judicial notice of the court file, but the portion of the record on which he relies reveals that Farr informed the court that *McDonald and Barnes* had requested that it take judicial notice.

Farr's son, Thomas Lee Farr, II ("Farr II"), filed an application for temporary guardianship in the Uvalde County Court. The matter was then transferred to the 38th District Court of Uvalde County. By order dated August 24, 2016 ("Order"), that court appointed Farr II temporary guardian of Farr's person and estate, and appointed Charles Downing as Farr's attorney ad litem. Farr was not personally served with citation until September 2, 2016.

The temporary guardianship was extended on several occasions, sometimes by agreement. Farr alleges that these extensions were not preceded by any motion to extend, and that some extensions occurred after the previous guardianship orders had expired, even though no new application for guardianship was filed. In March 2017, McDonald was appointed to replace Farr II as temporary guardian. Barnes eventually reached a settlement agreement with Farr, through McDonald. The court approved the settlement on October 9, 2018, and ordered the temporary guardianship terminated on that same date.

*The declaratory judgment action*

On January 9, 2019, Barnes sued Farr for breach of the settlement agreement. She obtained a default judgment in March 2019. Approximately one month later, Farr filed the present lawsuit seeking a declaration, among others, that all orders in the guardianship proceeding are "void, null and of no force or effect." Barnes and McDonald responded by filing motions to dismiss pursuant to Rule 91a, asserting that Farr's action has no basis in law. They specifically argued that the declarations Farr seeks are foreclosed by the settlement agreement, and that Farr ratified that agreement by personally signing and approving it. McDonald also asserted in his motion to dismiss that Farr's declaratory judgment action is an improper collateral attack on final orders of the court and that his claims should have been asserted in a bill of review.

The trial court granted the motions to dismiss by written order dated December 4, 2019, and awarded Barnes and McDonald attorney's fees in the amount of $2,500 and $1,375, respectively.

## ISSUES

Farr contends that the trial court erred by dismissing his declaratory judgment action because that action has a cognizable basis in law. He further contends that, because the order of dismissal should be reversed, the award of attorney's fees to Barnes and McDonald should also be reversed.

## DISCUSSION

*Personal jurisdiction over Farr*

*Failure to serve notice prior to entry of the Order*

The crux of Farr's argument is that the trial court did not obtain jurisdiction over him because he was not personally served with notice of the temporary guardianship proceedings before the trial court signed the Order appointing a temporary guardian over his person and estate. He asserts that, as a result, the Order and all subsequent orders entered in the guardianship proceeding are void.

Section 1251.005 of the Texas Estates Code requires that, upon the filing of an application for temporary guardianship, the clerk shall issue notice to be served on the proposed ward. TEX. ESTATES CODE ANN. § 1251.005(a)(1). That notice must describe "the date, time, place, purpose, and possible consequences of a hearing on the application." *Id.* at § 1251.005(b)(2). As a result, the notice must be served on the proposed ward *before* a hearing is held on an application for

temporary guardianship and before a temporary guardian is appointed. *In re Mask,* 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding). [3]

This court, in *Mask*, considered the jurisdictional effect of a failure to comply with the statutory service of notice requirement. Mask's grandsons filed an emergency application for appointment of a temporary guardian over Mask's person and estate. *Id.* at 233. The trial court granted the application and appointed the grandsons as temporary guardians without giving notice to Mask. *Id.* Upon learning of the appointment, Mask retained counsel and filed a motion to dismiss the guardianship. *Id.* The court denied the motion and Mask sought mandamus relief in this court. *Id.*

We first noted that an order or judgment is void if it is rendered by a court that lacks jurisdiction over either the parties or the subject matter of the lawsuit. *Id.* at 234; *see In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511 (Tex. App.—Corpus Christi 1990, no writ). We further noted that, "[f]or a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules."[4] *Id.* In the context of a guardianship proceeding, a court may acquire personal jurisdiction by proper service on, or an appearance by, the respondent. *Id.* at 234. Any order or judgment entered before the court has acquired personal jurisdiction is void. *Id.*

Under the statute applicable in *Mask*, "a respondent in a temporary guardianship proceeding must be served with notice *before* a hearing is held on the application for temporary guardianship and a temporary guardian is appointed." *Id.* (citing former TEX. PROB. CODE ANN.

---

[3] Although *In re Mask* concerned a predecessor statute, that statute contained the same language as section 1251.005. *See Mask*, 198 S.W.3d at 234 (quoting former TEX. PROB. CODE ANN. § 875).

[4] Barnes relies on *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 432 (Tex. App.—Austin 1995, no writ), however, that case did not concern a temporary guardianship and, therefore, was not governed by the same "procedural statutes and rules" as the present case.

§ 875; emphasis in original). The same is true under the present statute. *See* TEX. ESTATES CODE ANN. § 1251.005. Because it was undisputed in *Mask* that the order appointing temporary guardians was signed before the court acquired jurisdiction over Mask, we held that the order was void. *Id.* at 235.

In the present case, Farr alleges that the trial court signed the Order appointing a temporary guardian before he was served with notice and, as a consequence, that Order is void. In light of *Mask*, we cannot conclude that this claim lacks any basis in law.

### *Purported ratification of the Order*

Barnes and McDonald asserted in their motions to dismiss that Farr's declaratory judgment action lacks any basis in law because Farr ratified the matters about which he complains by personally appearing in the guardianship proceeding and personally signing the October 9, 2018 settlement agreement and its amendment. This argument depends on evidence extraneous to Farr's pleading and, as a consequence, cannot support dismissal under Rule 91a. *See* TEX. R. CIV. P. 91a.6 (motion is determined solely on plaintiff's pleading); *Bethel*, 595 S.W.3d at 656 (affirmative defense not conclusively established by plaintiff's pleading is not proper basis for Rule 91a dismissal). In any event, the argument fails on its merits.

*Mask* is again instructive. Real parties in interest in that case argued that any jurisdictional defect arising from the failure to comply with the statutory notice requirement was cured when Mask personally appeared at a subsequent hearing. 198 S.W.3d at 235. This court rejected that argument, explaining that "a void order has no force or effect" and "is not subject to ratification, confirmation, or waiver." *Id.*; *see B.A.G.*, 794 S.W.2d at 511 ("A void judgment is one entirely null within itself, and which is not susceptible of ratification or confirmation, and its nullity cannot be waived.").

Applying *Mask* to the present case, the failure to personally serve Farr with notice prior to signing the Order, if proved, establishes that the Order is void. Being a complete nullity, the Order could not later be given life by any ratification, confirmation, or waiver by Farr. *See Mask*, 198 S.W.3d at 235. And, if the Order creating the temporary guardianship is void, any further orders entered in that proceeding are likewise void. The temporary guardian appointed under the Order (originally and as extended) would have lacked any authority to act on Farr's behalf, and Farr, being incapacitated,[5] could not have effectively acted on his own behalf.

The trial court's order of dismissal cannot be upheld on the ground that Farr's declaratory judgment action lacks a basis in law because he ratified the Order.

*Judicial estoppel*

Barnes argues on appeal that Farr's declaratory judgment action has no basis in law because it is precluded by judicial estoppel arising from matters occurring in a separate bankruptcy proceeding. This theory is not properly before us as Barnes did not assert it in her motion to dismiss in the court below. *See* TEX. R. CIV. P. 91a.2 (motion "must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both"). In any event, the argument does not present a ground for dismissal under Rule 91a because it depends on evidence other than the allegations contained in Farr's pleading and pleading exhibits. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 656.

*Impermissible direct attack*

McDonald contends on appeal that Farr's lawsuit is an improper *direct* attack on the Order. In the trial court, however, McDonald contended that Farr's lawsuit is an impermissible *collateral* attack. Both contentions are founded on McDonald's assertion that a bill of review, not a

---

[5] Farr alleges that he lacked capacity to contract during all relevant time periods. Under the standard applicable to Rule 91a, we take that allegation to be true. *See* TEX. R. CIV. P. 91a.1; *Sanchez*, 494 S.W.3d at 724.

declaratory judgment action, is the only cognizable vehicle for Farr's challenge to the Order. Despite some discrepancy between the contention made in the trial court and that made on appeal, there is sufficient overlap to warrant addressing McDonald's argument on its merits.

"A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). A direct attack is the sole method of challenging a voidable judgment. *Id.* (citing *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009)). A void judgment, on the other hand, may be collaterally attacked at any time. *Id.* at 272. "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).

The supreme court in *PNS Stores* clarified that a judgment is void, rather than voidable, when the rendering court lacks personal jurisdiction over a party. 379 S.W.3d at 272. It rejected the premise that a party cannot collaterally attack a judgment based on the failure to serve him with notice. *Id.* Rather, it held that a judgment may be challenged by collateral attack "when a failure to establish personal jurisdiction violates due process." *Id.* at 273. Failure to give "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action" constitutes a due process violation. *Id.* (quoting *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)).

Farr alleges that the trial court lacked personal jurisdiction over him because he was not served with notice of the proceedings prior to entry of the Order and, as a consequence, the Order is void, not voidable. *See Mask*, 198 S.W.3d at 235 (guardianship order entered without notice is void and a complete nullity). Because the alleged lack of notice constitutes a violation of due

process, the Order is subject to collateral attack. *See PNS Stores*, 379 S.W.3d at 273. The question, then, is whether Farr's declaratory judgment action is a collateral attack or a direct attack in an impermissible form.

As noted above, a direct attack "attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id.* at 271. Farr does not seek to correct, amend, or modify the Order, nor does he seek to vacate it, as would be the case if the Order were alleged to be voidable. Farr alleges that the Order is void, *i.e.*, a nullity, and seeks only a declaration that it is so. The action is therefore not a direct attack on the Order. *See Wagner v. D'Lorm*, 315 S.W.3d 188, 194–95 (Tex. App.—Austin 2010, no pet.) (declaratory judgment action seeking declaration that judgment is void does not seek to vacate judgment and is collateral, not direct, attack).

McDonald nevertheless argues that Farr's lawsuit is not a collateral attack because it does not seek specific relief other than a declaration that the Order is void. *See Browning*, 165 S.W.3d at 346. McDonald reads *Browning* too narrowly. In addition to the "specific relief" language, the *Browning* court stated that "[a] collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment." *Id.* In other words, a collateral attack is one that is not a direct attack. Indeed, this court has previously so held: "A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack." *Zarate v. Sun Operating Ltd., Inc.*, 40 S.W.3d 617, 620 (Tex. App.—San Antonio 2001, pet. denied).

This court has also previously stated that "[a] declaratory judgment action may be coincident with a collateral attack." *In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at *3 (Tex. App.—San Antonio May 6, 2009, pet. denied). We specifically recognized the viability of collaterally attacking an order by seeking a declaration that the order is void. *Id.*

Having concluded that Farr's declaratory judgment action is not a direct attack, and recognizing that a party may collaterally attack a void order by declaratory judgment, we conclude that Farr's action is a permissible collateral attack.

*Jurisdictional presumptions*

McDonald next argues that, if Farr's lawsuit is construed to be a collateral attack on the Order, that attack fails because the Order recites that the trial court had jurisdiction and this court cannot look beyond that recitation. The authority on which McDonald relies, however, predates *PNS Stores*. The supreme court in *PNS Stores* acknowledged that, in the context of a collateral attack, a judgment is presumed to be valid. 379 S.W.3d at 273. But it also acknowledged that this presumption "disappears when the record establishes a jurisdictional defect." *Id.* It concluded that a court may look beyond the face of the challenged judgment "to determine whether the record affirmatively demonstrates that the trial court lacked jurisdiction." *Id.*

A record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment if it "exposes such personal jurisdictional deficiencies as to violate due process." *Id.* In making this determination, courts must distinguish between defects in service of a technical nature and a complete failure or lack of service. *Id.* at 274. Only the latter constitutes a violation of due process that renders a judgment void and subject to collateral attack. *Id.*

Farr does not allege a mere technical defect in service; he alleges a complete failure or lack of service at the time the Order was signed. This lack of service, if proved, constitutes a due process violation that establishes that the Order is void and subject to collateral attack, despite the recitation of jurisdiction contained in that Order. *See id.* at 273-74.

McDonald did not demonstrate that Farr's declaratory judgment action lacks any basis in law because it is either an improper direct attack or a collateral attack foreclosed by jurisdictional

recitations in the Order. The trial court's order of dismissal therefore cannot be upheld on this ground.

### *Conclusion concerning dismissal*

The allegations made in Farr's petition, taken as true and together with reasonable inferences drawn therefrom, are sufficient to demonstrate there is a basis in law for his claim. *See* TEX. R. CIV. P. 91a.1; *Sanchez*, 494 S.W.3d at 724. Farr's declaratory judgment action therefore has a basis in law and is not subject to dismissal under Rule 91a.

### *Attorney's fees*

Rule 91a provides that a court may award the prevailing party reasonable and necessary attorney's fees. TEX. R. CIV. P. 91a.7. Because we reverse the trial court's order of dismissal, Barnes and McDonald are no longer prevailing parties under Rule 91a. Consequently, the award of attorney's fees is also reversed.

### CONCLUSION

The trial court erred by granting Barnes's and McDonald's Rule 91a motions to dismiss. The order of dismissal, including the award of attorney's fees, is reversed and this cause is remanded to the trial court for further proceedings.

Sandee Bryan Marion, Chief Justice