

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00552-CV

**IN RE** Jasmine **ELLIOT**

Original Proceeding[1]

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: November 30, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Jasmine Elliot complains the trial court erred by rendering temporary orders that found Texas to be the home state of K.E.—the three-year-old child at the center of the underlying suit. We conclude Texas lacked subject-matter jurisdiction over the conservatorship of K.E. Therefore, we conditionally grant Elliot's petition for writ of mandamus.

### BACKGROUND

Elliot and her ex-husband, who is not a party to the underlying proceeding, divorced in Virginia in January 2022. In the Virginia decree, the parties acknowledge three children, including K.E., were born during the marriage. No final determination is memorialized in the Virginia decree

---

[1] This proceeding arises out of Cause No. 2022-CI-05165, styled *In the Interest of K.E., a Child*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

regarding custody, visitation, or child support for K.E. Rather, the decree "reserved" the ability to make such determinations.

That same month, in January 2022, Elliot moved to Texas with K.E. Real party in interest DeAndre Harrington, who had a relationship with Elliot during her marriage, moved to Texas in February 2022. On March 21, 2022, Harrington filed a petition to adjudicate the parentage of K.E., alleging he was K.E.'s father. In his original petition, Harrington pled no other court had continuing jurisdiction over K.E. and K.E. had never been part of any other case. Harrington did not seek conservatorship or possession of K.E in his original petition.[2] On August 4, 2022, Harrington amended his adjudication petition to seek conservatorship of K.E. and filed for temporary orders. On August 8, 2022, a temporary orders hearing was held. Elliot appeared and was represented by counsel; Harrington appeared *pro se*.

At the hearing, Elliot testified she and K.E. lived in Texas from January 21, 2022, until June 30, 2022, when she and K.E. moved to Arkansas. Elliot argued a Texas court may have jurisdiction to adjudicate the parentage of K.E., but because Texas was not the home state of K.E. and K.E. had not resided in Texas for six consecutive months, the trial court did not have subject-matter jurisdiction over the conservatorship of K.E. In response, Harrington acknowledged K.E. had not resided in Texas for six months prior to the filing of the original adjudication petition, and he did not seek conservatorship in the original petition. At the conclusion of the hearing, the trial court ordered, among other things, that: Texas is the home state of K.E.; the parties are named joint conservators with Harrington as the conservator having the exclusive right to designate the primary residence of K.E. in Bexar County; Harrington has the exclusive right to establish the school of K.E.; and the parties will exchange possession of K.E. in Dallas ("Temporary Orders").

---

[2] Elliot filed several dispositive motions on jurisdiction grounds, all of which were denied.

On August 31, 2022, Elliot filed her amended petition for writ of mandamus and emergency motion for temporary relief requesting we stay the Temporary Orders.[3] We granted Elliot's motion for emergency temporary relief and invited responses from the trial court and Harrington. Harrington filed a response.

## STANDARD OF REVIEW

For mandamus relief to be appropriate, Elliot must show the trial court committed a clear abuse of discretion and she has no adequate remedy by appeal. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). "[A] trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). A writ of mandamus is proper where the trial court acts without jurisdiction, which renders the act void. *See In re S.J.*, 522 S.W.3d 576, 580 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). "When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal." *In re Mask*, 198 S.W.3d 231, 233 (Tex. App.—San Antonio 2006, orig. proceeding) (citations omitted).

## SUBJECT-MATTER JURISDICTION

A court's subject-matter jurisdiction coincides with its authority to validly act. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). "Subject-matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case." *Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (citation omitted). "Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). An order rendered without subject matter jurisdiction is void. *See Cook v. Cameron*, 733

---

[3] Elliot's original petition for writ of mandamus and first motion for emergency temporary relief were stricken for violating Texas Rule of Appellate Procedure 9.9.

S.W.2d 137, 140 (Tex. 1987); *Mask*, 198 S.W.3d at 234. Whether a Texas court has jurisdiction over a child custody issue is a subject-matter jurisdiction inquiry analyzed under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See In re S.J.A.*, 272 S.W.3d 678, 682 (Tex. App.—Dallas 2008, no pet.). It is also a question of law we review de novo. *See In re Walker*, 428 S.W.3d 212, 215–16 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

Under the UCCJEA, "a Texas court has jurisdiction to make initial child-custody determinations (1) if Texas is the child's home state; (2) in certain situations where a court of another state does not have jurisdiction or declines to exercise jurisdiction on the ground that this state is the more convenient forum; or (3) no court of any other state would have jurisdiction under the criteria set out in [section 152.201 of the Texas Family Code]." *In re D.S.*, 602 S.W.3d 504, 513 (Tex. 2020) (citing TEX. FAM. CODE ANN. § 152.201(a)). Texas is the home state of a child if the "child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE ANN. § 152.102(a)(7). Texas jurisprudence prioritizes home state jurisdiction. *See In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding); *In re Green*, 352 S.W.3d 772, 775 (Tex. App.—San Antonio 2011, orig. proceeding).

*Application*

The trial court's Temporary Orders declared Texas the home state of K.E. and bestowed conservatorship rights on Harrington. Elliot argues the trial court erred in asserting jurisdiction over this child custody proceeding and finding Texas as the home state of K.E. because, in Elliot's view, the uncontroverted testimony shows K.E. did not reside in Texas for six consecutive months

prior to Harrington filing his amended petition seeking conservatorship of K.E.[4] Elliot prays this court vacate the trial court's finding that Texas is the home state of K.E. and vacate all conservatorship orders decreed in the Temporary Orders. Harrington responds the trial court acted appropriately because Texas has jurisdiction to adjudicate the paternity of K.E.

Jurisdiction under the UCCJEA, "is determined at the time child-custody proceedings commence." *D.S.*, 602 S.W.3d at 513. A custody determination is "a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child." TEX. FAM. CODE ANN. § 152.102(3); *see id.* § 152.102(8) (defining an initial determination as "the first child custody determination concerning a particular child."). "[T]he court that makes the initial 'child custody determination' generally retains exclusive continuing jurisdiction over ongoing custody disputes." *S.J.A.*, 272 S.W.3d at 682 (citation omitted).

At the August 8 hearing, Elliot testified she and K.E. moved to Texas on January 21, 2022. Elliot further testified she and K.E. moved to Arkansas on June 30, 2022. Harrington did not controvert Elliot's testimony regarding the dates K.E. lived with her in Texas. January 21, 2022, to June 30, 2022—five months and ten days—is less than the statutorily required six consecutive months for Texas to acquire jurisdiction to render a valid child custody order. *See* TEX. FAM. CODE ANN. § 152.201(a)(1). And although Harrington may have lived in Texas for longer than six consecutive months prior to the filing of his amended petition seeking conservatorship, the UCCJEA requires the child and parent reside in Texas for the required duration. *See id.* § 152.102(7); *Powell v. Stover*, 165 S.W.3d at 325–26 (Tex. 2005) (orig. proceeding). Accordingly, based on the undisputed facts, we conclude Texas is not the home state of K.E. *See*

---

[4] Elliot posed two additional arguments in her petition regarding evidentiary matters. Because we conclude the trial court acted without subject-matter jurisdiction, we conditionally grant Elliot's petition and do not reach her remaining arguments. *See* TEX. R. APP. P. 47.1.

*Powell*, 165 S.W.3d at 326 (noting the central factor to be considered when determining the home state is the physical location of the child).

Because Texas cannot claim jurisdiction as K.E.'s home state and there is nothing in the record establishing jurisdiction under section 152.201(a)(2) or (a)(3), we further conclude the trial court erred in asserting jurisdiction over K.E. *See* TEX. FAM. CODE ANN. § 152.201(a)(2), (3). Even assuming without deciding that Texas has personal jurisdiction over Harrington to adjudicate him the father of K.E., a Texas court does not have jurisdiction to render an initial custody order for K.E. *See id*. § 160.604; *id.* § 164.104; *cf. id*. § 152.201(a)(1).[5] Therefore, the trial court was without subject-matter jurisdiction to decree an initial custody determination for K.E.

## CONCLUSION

Because we conclude the trial court acted without subject-matter jurisdiction, the Temporary Orders granting conservatorship rights of K.E. to Harrington are void and Elliot does not have to show an adequate appellate remedy. *See Mask*, 198 S.W.3d at 233. Therefore, we conditionally grant Elliot's requested relief and direct the trial court to vacate the conservatorship orders within its August 11, 2022 Temporary Orders within fifteen days of this opinion. The writ will issue only if the trial court fails to comply.

Luz Elena D. Chapa, Justice

---

[5] We assume, but do not decide, that the Virginia court did not make an initial child custody determination. During the August 8 hearing, Elliot argued the reservation by the Virginia trial court was sufficient to be a child custody determination under the UCCJEA. *See* TEX. FAM. CODE ANN. § 152.102(3); *see id*. § 152.102(8). However, Elliot did not raise this issue in her petition to this court, and determination of the matter is unnecessary for our resolution. *See* TEX. R. APP. P. 38.1(h); *Fredonia State Bank v. Gen. Am. Life Ins. Co*., 881 S.W.2d 279, 284–85 (Tex. 1994) (noting the foundational rule that issues may be waived due to inadequate briefing).