Bernard J. DOLENZ, Appellant

v.

Nancy VAIL, Appellee.

No. 05–03–01417–CV.

Court of Appeals of Texas,
Dallas.

Aug. 19, 2004.

Rehearing Overruled Sept. 28, 2004.

**516**

Bernard Dolenz, Beaumont, TX, for Appellant.

G. Ward Beaudry, Winn, Beaudry & Winn, L.L.P., Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Bernard J. Dolenz was made the successor trustee and beneficiary of an inter vivos trust created by the artist Dmitri Vail. Dmitri Vail died and Nancy Vail, as independent executor of Dmitri Vail's estate, brought proceedings in Dallas Probate Court No. 3 to open and administer the estate. Dolenz brought a claim against the estate alleging that he had the legal right to paintings and personal property that were part of the inter vivos trust. In 1997 the probate court held that the Dmitri Vail trust was a valid and fully enforceable trust. But in 1998 the court also found that the trust was an empty trust at the time of Vail's death and ordered that Dolenz take nothing. Dolenz appealed the judgment to this court. We dismissed the appeal when Dolenz failed to file an amended brief that satisfied the requirements of rule 38.1 of the rules of appellate procedure. The supreme court denied Dolenz's petition for discretionary review in 2000.

In 2002 Dolenz filed a petition for declaratory judgment with the 95th Judicial District Court of Dallas County. In his petition, Dolenz asked the court to hold that the final judgment from the probate court proceeding was void for lack of jurisdiction. Dolenz contended that district courts have exclusive jurisdiction over trust disputes pursuant to § 115.001 of the property code. He also complained that the judgment was "defective" because he was only sued in his individual capacity, rather than in his capacity as successor trustee of the Dmitri Vail trust. In 2003 the case was transferred from the 95th Judicial District Court to the 68th Judicial District Court. The district court dismissed Dolenz's claim for lack of jurisdiction.

We hold that the probate court did have jurisdiction to hear the trust matter, and that Dolenz's general appearance waived service on him in his capacity as trustee of the Dmitri Vail trust. Accordingly, we affirm the judgment of the trial court.

## STATUTORY PROBATE COURT JURISDICTION

In his first two issues Dolenz contends that the trial court erred when it dismissed his suit, because the probate court did not have subject matter jurisdiction over the Dmitri Vail trust. A challenge to the trial court's subject matter jurisdiction presents a question of law that we review de novo. *Garza v. Rodriguez,* 18 S.W.3d 694, 696 (Tex.App.-San Antonio 2000, no pet.). A judgment rendered by a court without subject matter jurisdiction is void and subject to collateral attack. *See Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). The judgment is not void if the court entering a judgment has jurisdiction over the parties and the subject matter and does not act outside its capacity as a court. *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003).

The jurisdiction of a district court over proceedings concerning trusts is exclusive except for jurisdiction conferred by law on a statutory probate court. TEX. PROP.CODE ANN. § 115.001(d) (Vernon 2003). Probate Court Number 3 of Dallas County is a statutory probate court. TEX. GOV'T CODE ANN. § 25.0591 (Vernon 2004). At the time Dolenz filed a claim against the estate of Dmitri Vail in the Probate Court Number 3 of Dallas County (1996) and when the judgment in question was signed (1998), the probate court had concurrent jurisdiction with the district court in all actions involving an inter vivos trust. *See*

former TEX. PROB.CODE ANN. § 5A(c), Act of May 19, 1989, 7125 Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4164, repealed by Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057. The trust that is the subject of this appeal is an inter vivos trust. Thus, the probate court had jurisdiction over Dolenz's action involving the disposition of the trust assets in the Dmitri Vail trust, and the judgment is not void. We resolve Dolenz's first two issues against him.

## JURISDICTION IN DOLENZ'S OFFICIAL CAPACITY

In his third issue, Dolenz argues that the probate court judgment "should be voided" because he was not served in his representative capacity as successor trustee of the Dmitri Vail trust and that not all necessary parties were before the court. He cites *Werner v. Colwell,* 909 S.W.2d 866 (Tex.1995) for the proposition that a "judgment could not be rendered against a defendant as trustee when he was sued only as an individual." [1] The general rule is that judgment shall not be rendered against one who was neither named nor served as a party defendant. TEX.R. CIV. P. 124; *Werner,* 909 S.W.2d at 869. For any court to obtain in personam jurisdiction over a person, the person must be given notice of the suit. *Cotton v. Cotton,* 57 S.W.3d 506, 511 (Tex.App.-Waco 2001, no pet.). But a failure to satisfy the notice component of in personam jurisdiction may be waived. *Id.* A person waives service by making a general appearance before the court. *Werner,* 909 S.W.2d at 869–70. To determine whether a party has made a voluntary general appearance, the nature and quality of the party's activi-

1. In *Werner,* the court held that appearance as a witness was not a general appearance, did not subject the witness to the jurisdiction of the court and that judgment could not be rendered against her as a trustee because she was not named or served as a party.

ties must be examined. *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.-Amarillo 1984, no writ). A general appearance occurs when the party invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction. *Id.*

It is apparent from the record of the probate court proceedings, of which we take judicial notice, that Dolenz participated in those proceedings both in his individual capacity and in his capacity as trustee of the Dmitri Vail trust. For example, on March 13, 1998, Dolenz filed a "Motion for Leave to File Amended Pleading" in the suit brought in the probate court. In that motion, Dolenz stated the following:

> BERNARD DOLENZ, Successor Trustee to the Dmitri Vail Trust, asks the Court to allow him to file his amended pleading, BERNARD J. DOLENZ'S SECOND AMENDED COUNTER-CLAIM AND FOR DECLARATORY RELIEF ...

Also, Dolenz made claims in his capacity as successor trustee in two other pleadings, although both were stricken by the court. Dolenz was named, generally appeared in the lawsuit and specifically appeared in his capacity as trustee prior to the trial court's final judgment dated August 12, 1998. Dolenz never raised any issue of the absence of a necessary party and waived any issue by his general appearance and by filing pleadings as trustee on behalf of the trust.

We hold that Dolenz's appearance before the probate court as successor trustee of the Dmitri Vail trust constituted a general appearance that invoked the jurisdiction of that court and cured any alleged defect in parties. Consequently, the probate court's judgment is valid against Dolenz as successor trustee. We resolve Dolenz's third issue against him.

We affirm the judgment of the trial court.