In re Ivan C. ASHTON, Relator.

No. 05–08–00937–CV.

Court of Appeals of Texas, Dallas.

Sept. 25, 2008.

J. Eric Higgins, Hloughmiller and Higgins, McKinney, for ad litem.

Laurence A. Deplaza, Plano, for relator.

Richard Robertson, Koons, Fuller, Vanden Eykel & Robertson, Plano, for real party in interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

This mandamus action arises from the trial court's July 14, 2008 Order on Amended Motion to Resolve Interim Attorney and Expert Fee Issues (the "Order"), signed in the course of divorce proceedings between relator Ivan C. Ashton ("Ivan") and real party in interest Susan B. Ashton ("Susan"). Ivan contends the Order represents a clear abuse of the trial court's discretion because the trial court lacked jurisdiction to grant the relief ordered. We agree and conditionally grant the petition for writ of mandamus.

Susan's Amended Motion to Resolve Interim Attorney and Expert Fee Issues described a series of issues in the pending divorce action and in a second litigation in Ohio between Ivan and Susan's father. Susan's concerns centered on her inability to pay her attorneys and experts because of lack of access to community funds and Ivan's purported dissipation of those community funds and assets. One specific complaint raised in the motion centered on a family trust, the I.A. Trust. Ivan was its trustee. Susan contended Ivan had been siphoning community assets into the I.A. Trust, compounding the problem of her lack of access to funds and increasing his own access to those funds. Susan asked the trial court to equalize the parties' fees, appoint a fee master, and appoint a successor trustee to manage the I.A. Trust. She requested the necessary funds be taken from the I.A. Trust.

The trial court granted the motion in significant part. The Order appoints Ken Paxton to serve as fee master. It also appoints Paxton to serve as successor trustee over the I.A. Trust, with all rights afforded the trustee by the trust as well as whatever rights the trial court deems necessary. To that end, the Order specifies that Paxton "shall pay his expenses and attorney fees from trust funds."

Generally, mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Bass*, 113 S.W.3d 735, 738 (Tex.2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Mandamus will also lie to correct a void order, i.e., an order the trial court had no power or jurisdiction to render. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex.1986) (orig. proceeding). If an order is void, the relator need not show he lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding). Ivan contends the trial court clearly abused its discretion by (1) awarding relief against the I.A. Trust or its trustee when neither had been joined as parties to the divorce proceeding, (2) replacing Ivan as trustee when no valid ground had been pleaded or proved, and (3) appointing a fee master without findings of good cause or exceptional circumstances. We conclude the first ground suffices to establish the trial court's Order is void.

For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules. *In re Mask*, 198 S.W.3d 231, 234 (Tex.App.–San Antonio 2006, orig. proceeding). "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance." *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991) (citing Tex.R. Civ. P. 124). Well-settled law requires a suit against a trust to be brought against its legal representative, the trustee. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex.2006). Thus, for relief to be ordered against a trust, its trustee must be properly before the trial court as a result of service, acceptance, or waiver of process, or an appearance. *See Mapco*, 817 S.W.2d at 687. Stated differently, for relief to be granted against a trust, the trust—through its trustee—must be made a party to the action.

In this case, the I.A. Trust was not joined as a party in the divorce action when Susan sought relief against it in the form of payment of attorney fees and expenses for the fee master/successor trustee. Although Ivan was before the court in his individual capacity, he was not sued in his capacity as trustee of the I.A. Trust. We conclude the trial court erroneously granted relief against the trust in that circumstance. *See id.* (owelty award against Mapco was erroneous when it was not party in trial court). Indeed, because the trial court lacked jurisdiction over the I.A. Trust, its Order was void. *See In re Mask*, 198 S.W.3d at 235 (order appointing temporary guardians void when trial court had not acquired jurisdiction over putative incapacitated person at time it signed order). Because the Order is void, Ivan need not show he lacks an adequate appellate remedy, and mandamus is appropriate. *See id.; see also In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. We conditionally grant Ivan's petition for writ of mandamus. We direct the trial court to vacate the Order. The writ of mandamus will issue only if the trial court fails to do so.

Finally, Susan has filed a Request to Dismiss Pending Petition For Writ of Mandamus For Mootness and Alternative Request to Abate. For the reasons discussed herein, Ivan's petition is not moot. We deny Susan's Request to Dismiss.