Motion for Rehearing Overruled and Supplemental Opinion on Rehearing
filed May 14, 2009








 

Motion
for Rehearing Overruled and Supplemental Opinion on Rehearing filed May 14,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00716-CV

____________

 

CLEARVIEW PROPERTIES, L.P.; MICHAEL
STARCHER, TRUSTEE FOR THE CROWN HILL TRUST; CRAIG WALKER, D/B/A CLEARVIEW
PROPERTIES, L.P.; AND CLEARVIEW INVESTMENTS, LTD., Appellants

 

V.

 

PROPERTY TEXAS SC ONE CORP.,
CLARION PARTNERS, L.L.C.,

GRANITE PARTNERS, L.L.C., TRIPLE
NET PROPERTIES, L.L.C., 

T. REIT, L.P., AND T. REIT, INC., Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2003-22196

 



 

S U P P L E M E N T A L   O P I N I O N   O N   R E H E A R I N G

Clearview moved for rehearing regarding our disposition of
its third issue, which complained about the trial court=s award of
attorney=s fees to Property
Texas against Starcher and Walker d/b/a Clearview L.P.  We overrule Clearview=s motion and issue
this supplemental opinion on rehearing to respond to some of its arguments.








Clearview argues extensively that Property Texas=s basis for filing
its amended attorney=s fees counterclaim, in which it changed
the name of the counter-defendant from Clearview L.P. to Starcher and Walker
d/b/a Clearview L.P., was factually incorrect and that we erred in stating that
its limited partnership certificate had not been filed with the Secretary of
State.  Because this conclusion was the basis of our waiver and misnomer
analysis, Clearview claims our holding was also incorrect.  Though Property
Texas disagrees, Clearview could possibly be correct that its certificate of
limited partnership was on file during all relevant times.  However, as we
explained before, Clearview never filed a verified denial under Rule 93 raising
this issue, so it is waived.  See Tex.
R. Civ. P. 93; Dolenz v. Vail, 143 S.W.3d 515, 517B18 (Tex. App.CDallas 2004, pet.
denied).

Clearview argues that verification was not required because
the truth of its corporate status appears in the record, based on documents
from the Secretary of State and an alleged admission in an affidavit.  These
arguments fail.  The Secretary of State records were not in the record when the
answer to the amended counterclaim was due; Clearview did not present them to
the trial court until after judgment was rendered.  Thus, the records could not
have been the basis for failing to file a verified answer.  Further, the
affidavit at issue, which was filed by Property Texas=s attorney during
the summary judgment proceedings, stated merely that an agent signed the
underlying contract for Clearview L.P. without addressing Clearview=s legal status.








Clearview further insists that it did not waive its corporate
status argument because it was actually Property Texas=s burden to
challenge the capacity in which Clearview sued Property Texas.  Clearview cites
no authority for this proposition, and we are not persuaded that it is
correct.  Property Texas did not seek to avoid liability to Clearview based on
a corporate capacity argument, but Property Texas did seek to ensure that it
recovered its attorney=s fees from the proper entity.  We see no
reason that this action negated Clearview=s duty to file a
verified denial to Property Texas=s amended
counterclaim, which was amended specifically to change the name of the
counter-defendant, if Clearview contested the capacity in which Property Texas
was seeking to recover attorney=s fees. See Tex. R. Civ. P. 93; Dolenz, 143 S.W.3d at 517B18.

Finally, Clearview argues that the trial court=s judgment was
inherently contradictory because it granted relief against both Clearview L.P.
and Starcher and Walker d/b/a Clearview L.P.  The trial court did not order that
Property Texas could recover attorney=s fees against
Clearview L.P.  Therefore, as to attorney=s fees, which is
the only issue in the counterclaim, the trial court=s judgment is not
contradictory.

For these additional reasons, the trial court did not err
in awarding Property Texas attorney=s fees against
Starcher and Walker d/b/a Clearview L.P.

 

/s/      Leslie B. Yates

Justice

 

Panel consists of
Justices Yates, Anderson, and Brown.