**Dissenting Opinion Filed December 1, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01022-CV

## IN RE URBAN 8 LLC AND URBAN 8 MANAGEMENT LLC, RELATORS

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-08919**

## OPINION DISSENTING FROM THE DENIAL OF EN BANC RECONSIDERATION

Opinion by Justice Schenck

In my opinion, this case presents important and recurring questions concerning the right to be heard by appeal, particularly, but not only, from a judgment rendered by default and without hearing in the trial court. For that reason, I dissent from the Court's declining to request a response to relators' motion for rehearing en banc and, subject to that response, I would be inclined to grant reconsideration.

We are told that this lawsuit was filed and served on Defendants' registered agent who, for reasons not relevant here, did not receive the notice. Plaintiff alleged that she had tripped and fallen on the sidewalk as she approached Defendants' place

of business. She asserted negligence and gross negligence claims and sought relief in the form of actual damages generally, and in several specific forms, and separately requested "exemplary damages," presumably associated with her gross negligence allegation.

Following Defendants' failure to answer timely,[1] Plaintiff obtained judgment by default and, at a subsequent hearing to prove up damages, was awarded $612,000 in general "real and actual" and other forms of specified actual damages. That order, entitled "Final Order of Default," did not describe itself as "judgment," final or otherwise and, while it provided for pre-judgment interest from the "date of the incident," it did not specify that date to permit calculation. It also contained no resolution of Plaintiff's pleaded request for exemplary damages and contained neither a "Mother Hubbard" clause (once used to signal finality) nor any of the more specific language now necessary to render a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) ("We . . . hold that . . . a judgment issued without a conventional trial is final for purposes of appeal ***if and only if*** either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties") (emphasis added). That order is dated November 18, 2021.

---

[1] According to the allegations in the record before us, Defendants were not served with notice of the default at their last known address in advance of the prove-up hearing.

On May 25, 2022, after receiving notice of the suit and default, Defendants appeared, answered, and filed a motion for new trial to "to set aside interlocutory default." On August 25, 2022, the trial court signed an order denying that motion for new trial and stating the following:

> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Final Order of Default *is the Final Judgment, the Final Order of Default disposes of all parties and claims and is appealable; all claim, have been adjudicated; no claims or parties remain;* **and the Final Order of Default is the final determination as to all parties, issues, and claims in this case and is an appealable order in all respects**.

(emphasis added).

To be direct, I see no colorable basis to support the notion that the trial court would have the authority to determine that an order, not final on its face under the rule laid down in *Lehmann*, can be so made retroactively by the trial court itself after the time to appeal has run.[2]

Whether an order is "appealable" or not under the rule set down in *Lehmann* is a matter of controlling concern to the appellate court's jurisdiction and is ultimately a matter for that court to decide. In keeping with a series of decisions meant to protect the right to review and to promote merits resolutions, including and especially in the case of default judgments, the Supreme Court has held that we must

---

[2] Indeed, if this authority existed it would be hard to imagine the jurisdiction by which it would operate. If the trial court's order six months earlier was indeed a "final judgment," the court's plenary jurisdiction would have long expired prior to its own subsequent "clarification." As noted below, it would only be in a case where the judgment might be read to be final and in response to a request from a superior court considering a then pending appeal that such a clarification might be proper. Trial court orders are not inherently imbued with the prospect of springing executory finality.

read the rules "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011); *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). One of those cases, *Bella Palma v. Young*, involved an appeal from a default judgment. 601 S.W.3d 799 (Tex. 2020). In that case, *the appellate court*, uncertain as to its own jurisdiction over a pending, perfected appeal, abated the appeal and requested clarification from the trial court as to its intent with respect to the order pending on appeal. Reaching back to *Lehmann,* the court started with the controlling rule that "intent to render a final judgment is demonstrated by a 'clear indication that the trial court intended the order to completely dispose of the entire case.'" *Id.* at 801 (quoting *Lehmann*, 39 S.W.3d at 205). "If **the appellate court is uncertain** about the intent of the order, **it** can abate the appeal to permit clarification by the trial court." *Id.* (emphasis added). Being faced with a potentially timely appeal, *the appellate court* "may" ask for guidance from the trial court if clarification from the trial court is needed. *Id.*

Nothing in *Bella Palma* can be read to support the notion that the trial court might, on its own account, retroactively give clarification or for the first time give a "clear indication" that it "intended the order to completely dispose of the case" six months earlier. Recognizing such authority would work mischief and prompt parties to bombard the courts with protective notices of appeal to guard against subsequent

–4–

"clarifications" coming after the time to appeal has run, as in this case. Without invitation from a superior court, a trial court's pronouncements with respect its earlier unstated intentions cannot apply retroactively without undermining the rules and the holding in *Lehmann.*

Because the November 18, 2021 order does not, in my view, present any doubt as to its finality under *Lehmann*, I would request a response and, subject to it, would be inclined to grant the petition and direct the trial court to substantively entertain and dispose of the remaining claims, rather than pronounce on its earlier unstated intentions without invitation from a superior court. *See In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding) (mandamus will lie to correct a void order).

Alternatively, and at a minimum, I would accept that the present petition for writ of mandamus amounts to "a bona fide attempt to invoke our appellate jurisdiction" should the subsequent order of August 25, 2022 amount to a new final judgment.[3] *E.g.*, *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992); *Jarrell v, Bergdorf*, 580 S.W.3d 463, 465 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also CHM Homes v. Perez*, 340

---

[3] To be clear, as even that instrument, which makes no mention or disposition of the claims still pending at the time the November 18, 2021 Order purports to otherwise resolve them—but merely makes *post hoc* declarations as to the finality and appealability of that earlier order—I would not construe that latter order as disposing of any extant issue or claim.   Thus, I would not treat this order as final either.

S.W.3d 444, 452–53 (Tex. 2011); *In re 2920 E.R., LLC*, 607 Fed. App'x 349, 353–54 (5th Cir. 2015) (treating mandamus as notice of appeal). While captioned as a mandamus, this matter is nevertheless filed within our jurisdictional reach under rule 26.3. *Garcia v. Kastner Farms*, 774 S.W.2d 668, 670 (Tex. 1989); *In re D.M.*, 643 S.W.3d 758, 760–61 (Tex. App.—Dallas 2022) (Goldstein & Schenck, J.J., concurring from denial of motion for en banc reconsideration).

Regardless of whichever procedural explanation may be utilized to address the issue by which Defendants may obtain relief from this Court, I dissent from any order that has the effect of permitting a trial court to retroactively negate a party's ability to obtain review of a judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


Molberg, Pedersen, III, and Nowell, J.J., join in this dissenting opinion.


221022DF.P05