**Affirmed and Memorandum Opinion filed April 23, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00092-CV

---

**COVENANT CLEARINGHOUSE, LLC, IN ITS CAPACITY AS SUCCESSOR TRUSTEE UNDER THAT DECLARATION OF COVENANT EXECUTED BY I-45 THIRTY JV AND RECORDED UNDER DOCUMENT NO. 20090418137 IN THE OFFICIAL PROPERTY RECORDS OF HARRIS COUNTY, TEXAS, Appellant**

**V.**

**KUSH AND KRISHNA LLC, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-58049**

---

## M E M O R A N D U M   O P I N I O N

This is the second appeal by Covenant Clearinghouse, LLC ("CCH") in its dispute with appellee Kush and Krishna LLC ("Kush") over whether Kush was required to pay CCH a private transfer fee under the Property Code upon the transfer of certain real property. In the prior appeal, this court held that Kush did not owe

the fee because CCH had failed to comply with relevant notice provisions. *Covenant Clearinghouse, LLC v. Kush & Krishna, LLC*, 607 S.W.3d 855, 861 (Tex. App.— Houston [14th Dist.] 2020, pet. denied) ("*Covenant Clearinghouse I*").

Subsequently, CCH filed a bill-of-review proceeding, arguing that it was not served in the proper capacity as trustee in the prior action, thus rendering the judgment in that case void. The trial court granted summary judgment in Kush's favor. The propriety of that summary-judgment order is the subject of the current appeal by CCH.

For the reasons below, we overrule CCH's issues and affirm the judgment.

## Background

### A. The First Action

The relevant "Declaration of Covenant" pertains to certain real property and contains a private transfer fee provision, which imposes an obligation to pay a private transfer fee equal to one percent of the total purchase price of the property upon the closing of a sale.[1] In December 2009, Kush purchased the property from the original owner. Kush was aware of the private transfer fee obligation when it purchased the property; however, because Kush's acquisition was the property's initial sale, the transfer was exempted from the private transfer fee obligation pursuant to the Declaration's terms.

The Declaration appointed "Rjon Robins, Esq." as "trustee" for the "beneficiaries" of the private transfer fee. For additional information, including

---

[1] A "private transfer fee" is "an amount of money, regardless of the method of determining the amount, that is payable on the transfer of an interest in real property or payable for a right to make or accept a transfer." Tex. Prop. Code § 5.201(4). A "private transfer fee obligation" can be created by any number of instruments, including as here a declaration requiring payment of a private transfer fee that is recorded in the real property records in the county in which the property is located. *See id.* § 5.201(5)(A).

"any successor trustee," the Declaration directed readers to CCH's website. In 2012, CCH filed in the Harris County real property records a "Notice of Private Transfer Fee Obligation," which designated itself as the "payee of record" entitled to accept payment on behalf of all payees under the Declaration.

In 2017, Kush sold the property but did not pay the private transfer fee.[2] Kush filed a declaratory-judgment action against CCH, seeking declarations that the fee obligation payable to various "beneficiaries" through CCH as "trustee" was void because CCH failed to comply with the Property Code's notice provisions. *See Covenant Clearinghouse I*, 607 S.W.3d at 857-58. We refer to that proceeding as the "First Action." Specifically, Kush claimed that CCH was required to re-file the Notice of Private Transfer Fee Obligation every three years after the initial filing, but it had failed to do so. *See id.* Kush filed a traditional motion for partial summary judgment on its declaratory-judgment claim. *Id.* at 858. CCH filed a cross-motion for summary judgment, urging that it was not required to file such a notice and asking the court to award it the interpleaded funds. *Id.* at 858-59.

The trial court granted Kush's motion for partial summary judgment and declared that CCH was not entitled to recover the interpleaded funds. *Id.* at 859. This court affirmed the judgment in Kush's favor, and the Supreme Court of Texas denied CCH's petition for review. *See id.* at 855, 857, 861-62.

## B. The Present Action

CCH then filed a bill-of-review petition, contending that it was never a party to the First Action because it was never sued or served with process in its capacity as trustee. CCH, in its asserted capacity as "Successor Trustee," contended that the

---

[2] Kush placed into an escrow account the amount that would have been due as the fee ($36,000) were it payable. The escrow agent interpleaded the funds into the court's registry. *Covenant Clearinghouse I*, 607 S.W.3d at 858.

3

judgment in the First Action wrongly adjudicated title to "Trust property in a case in which neither CCH Trustee nor the Beneficiaries of the Trust were ever served or named as parties and never appeared." According to CCH, absent service of process in its correct capacity, it had no duty to participate in the underlying proceedings, and it was entitled to a bill of review setting aside the final judgment in the First Action.

Kush responded that CCH generally appeared in the First Action because CCH sought affirmative relief as trustee in those proceedings and waived any complaint that it was sued in the wrong capacity.

CCH and Kush filed cross-motions for summary judgment. CCH contended that, even though it was named as a party and appeared in the First Action, neither it (in its capacity as trustee) nor the beneficiaries were parties to the First Action and thus the court never had jurisdiction over them. According to CCH, because it was never served in its representative capacity, it established its entitlement to a bill of review setting aside the judgment in the First Action.

Kush, on the other hand, asserted that CCH generally appeared in the original lawsuit because it sought affirmative relief by demanding that it be paid the funds in the court's registry to which it allegedly was entitled as a trustee and thus waived any complaint that it was sued in the wrong capacity. Further, Kush argued that CCH sought a redetermination of the legal and factual issues disposed of in the First Action, which was precluded by the res judicata doctrine. The trial court denied CCH's summary-judgment motion and granted Kush's motion.

CCH appeals.

**Governing Law and Standard of Review**

A bill of review is an equitable proceeding brought by a party who seeks to set aside a prior judgment that can no longer be challenged by a motion for new trial or a direct appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see* Tex. R. Civ. P. 329b(f). A plaintiff who files a bill of review ordinarily must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on the plaintiff's own part. *Caldwell*, 154 S.W.3d at 96. When a bill of review is premised on a lack of service of process or notice, such as when the petitioner is seeking to set aside a default judgment, the petitioner is relieved of having to prove the first two elements. *See id.* at 96-97; *see also Mabon Ltd.*, 369 S.W.3d at 812-13. However, when a petitioner participates in the underlying suit, it is not relieved of proving the typical bill-of-review elements, with the caveat that, rather than a meritorious defense, it must demonstrate a meritorious ground for appeal. *See Morris v. O'Neal*, 464 S.W.3d 801, 805 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

When the trial court grants summary judgment on a bill of review, the proper standard of review is the de novo summary-judgment standard. *See Hatton v. Grigar*, No. 14-05-01053-CV, 2006 WL 3365494, at *3 & n.1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.) (citing *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 487 (Tex. App.—Houston [1st Dist.] 2006, no pet.), *D'Unger v. Woolsey*, No. 13-04-110-CV, 2006 WL 871561, at *1 (Tex. App.—Corpus Christi Apr. 6, 2006, no pet.) (mem. op.)). When, as here, parties file competing summary-judgment motions on the same issues and the trial court grants one motion and denies the other, we determine all questions presented and render

the judgment the trial court should have rendered. *Covenant Clearinghouse I*, 607 S.W.3d at 859; *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018).

## Analysis

In two issues, CCH contends that the trial court erred in granting Kush's summary-judgment motion and denying its own cross-motion. CCH does not dispute that it was served in the First Action; its argument is that it was not served in its capacity as trustee. In its cross-motion for summary judgment, Kush asserted among other things that CCH generally appeared in the First Action and waived any complaint that it was sued in the wrong capacity. We agree with Kush.

"[A] party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

A party acting in an official or representative capacity is, in law, a distinctly separate individual from the same party acting as an individual. *See Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995); *Crowder v. Ann L. Crowder Estate Tr.*, No. 01-06-00606-CV, 2007 WL 2874818, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, no pet.) (mem. op.); *Elizondo v. Tex. Nat. Res. Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App.—Austin 1998, no pet.). Thus, a trustee must properly be brought before the trial court for relief to be ordered against a trust. *E.g.*, *Tomlinson v. Khoury*, 624 S.W.3d 601, 608, 610 (Tex. App.—Houston [1st Dist.] 2020, pet. denied); *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding). However, a trustee who generally appears before the trial court may subject the trust to liability. *Accord Werner*, 909 S.W.2d at 870 (explaining that judgment may not be rendered against one who was neither named nor served as a defendant, but an "exception exists when a person waives service by making a

6

general appearance before the court"); *Tomlinson*, 624 S.W.3d at 610 ("Although Tomlinson was before the court in his individual capacity, he was not sued, and did not appear, in his capacity as trustee of the Trust. Therefore, he, as trustee of the Trust, was not 'properly before the trial court as a result of service, acceptance, or waiver of process, *or an appearance*.'" (quoting *In re Ashton*, 266 S.W.3d at 604) (emphasis added)). This is so because a party's general appearance in a suit disposes of the need for service of process, having "the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120; *see Guardianship of Farley*, 650 S.W.3d 372, 386 (Tex. 2022) (explaining that a party's appearance in a lawsuit "cures any defect in the method of serving that party").

Kush presented conclusive evidence that CCH, in its capacity as trustee, generally appeared in the First Action. In its original pleading, Kush did not identify the capacity in which it sued CCH, and CCH did not file a verified denial asserting it was sued in the wrong capacity.[3] *See* Tex. R. Civ. P. 93(2) (verified denial required when defendant contends it is not liable in capacity in which it is sued). It is undisputed that, in the First Action, CCH would have been entitled to the private transfer fee, if at all, only in its capacity as trustee. In its answer in that lawsuit, CCH sought an award of the private transfer fee and interest on the fee.[4] Moreover, CCH filed a motion for summary judgment, in which it: (1) stated that *it is the*

---

[3] We may take judicial notice of our own records in cases involving the same subject matter and the same or nearly the same parties. *See, e.g.*, *In re Brooks*, No. 14-20-00182-CV, 2020 WL 5791980, at *1 n.2 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, orig. proceeding) (mem. op.) (citing *Hernandez v. Sommers*, 587 S.W.3d 461, 471 (Tex. App.—El Paso 2019, pet. denied); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). We do so in this case.

[4] "Defendant Covenant Clearinghouse, LLC respectfully prays that Plaintiff take nothing against Defendant and award Defendant Covenant Clearinghouse, LLC the following: (a.) The Private Transfer Fee in the amount of Thirty Six Thousand and no/100 ($36,000); (b.) Applicable interest on the Private Transfer Fee; and (c.) Any and all other relief to which the Court feels Defendant is justly entitled."

*trustee* under the Declaration creating the transfer fee; (2) stated that Kush "now disputes owing [CCH] $36,000.00 as a Private Transfer Fee"; (3) argued that it was not required to file a notice under Property Code section 5.203; (4) stated that it filed a correction affidavit under Property Code section 5.027, which resulted in it being owed the private transfer fee at issue;[5] (5) sought the $36,000 private transfer fee plus interest, as pleaded in its answer; and (6) sought attorney's fees.[6]

With one exception, at no point in the First Action did CCH claim or suggest that it had not been sued in the proper capacity. CCH filed a "Motion for New Trial and Motion for Reconsideration and to Dismiss," in which it took alternative positions on the issue. In the motion, CCH disclaimed both that a trust existed and that it was trustee of any trust. At the hearing on the motion, CCH's counsel stated, "[T]his isn't actually a real trust. . . . [W]e don't believe that this Declaration of Covenant meets the criteria for the creation of a trust. . . . Covenant Clearinghouse isn't holding property in trust for the beneficiaries. Rather, the beneficiaries already own the property. Covenant Clearinghouse is a mere servicing agent and not a trustee." CCH also argued that Kush had not sued the beneficiaries or CCH in its capacity as trustee: "Again, the situation, Your Honor, is to the extent this is a trust -- and it's really not; but to the extent that there is a trust created by the declaration, which there's not, and to the extent Covenant Clearinghouse is the trustee, which it's really not, the trust and all of the property therein are not properly before the Court because the trustee was not sued in its capacity as trustee." Kush's counsel responded, "CCH's involvement is only as trustee. And we did sue them, and there

---

[5] "Because Defendant filed the [Correction] Affidavit, the Private Transfer Fee of $36,000 is owed to Defendant."

[6] "The Declaration provides that an Unpaid Private Transfer Fee shall accrue interest at the maximum non-usurious rate of interest or 18%. . . . The Declaration provides that Defendant can recover all costs of collection, including attorney's fees, in connection with an Unpaid Private Transfer Fee."

8

was no other capacity to sue them in. The only reason why they were brought in is precisely because they are the trustee under the declaration; and the declaration says that they're the one to be joined in. And that's exactly what we did." The trial court denied CCH's motion for new trial, and CCH did not urge any of these arguments in its first appeal.

We conclude that CCH generally appeared in its capacity as trustee in the underlying proceedings. *See, e.g.*, *Wildman v. Patrizi*, No. 05-20-00834-CV, 2022 WL 3655242, at \*6 (Tex. App.—Dallas Aug. 25, 2022, no pet.) (mem. op.) ("Wildman's petition had to have been brought in her capacity as trustee because only in that capacity could she have brought the trespass cause of action and the suit for injunctive relief. . . . By filing her counterclaim in what could only have been her capacity as trustee, Wildman as trustee sought affirmative action from the court. Therefore, she voluntarily appeared in the lawsuit in her capacity as trustee and waived the Patrizis' failure to serve her in that capacity."); *Dolenz v. Vail*, 143 S.W.3d 515, 518 (Tex. App.—Dallas 2004, pet. denied) ("Dolenz was named, generally appeared in the lawsuit and specifically appeared in his capacity as trustee prior to the trial court's final judgment. . . . Dolenz never raised any issue of the absence of a necessary party and waived any issue by his general appearance and by filing pleadings as trustee on behalf of the trust.").

None of the cases on which CCH relies change this conclusion. For example, in *Werner v. Colwell*, Colwell sued Werner, who was the trustee of an employee benefit trust for injured employees, in Werner's individual capacity. 909 S.W.2d at 867. Werner testified at trial, but she denied that she was appearing as trustee and her counsel objected "to the questions, stating that her appearance was only in an individual capacity because she had not been served or sued as trustee." *Id.* at 870. Nonetheless, the trial court rendered judgment against Werner in her capacity as

trustee. *Id.* at 867. On appeal, Colwell argued that the judgment was appropriate because Werner generally appeared in her capacity as trustee because she testified at trial. *Id.* at 870. The supreme court disagreed, explaining that, even though some questions "produced inconsistent answers about whether [Werner] was testifying as a trustee or in her individual capacity," and though she undeniably testified as to her trustee duties, merely appearing as a witness in a case does not serve as a general appearance. *Id.*

Here, in contrast, CCH did not merely appear as a witness in the First Action; it sought relief to which it was only entitled as a trustee and asserted that it was a trustee in its summary-judgment motion. Thus, *Werner* is distinguishable.

CCH also relies on *Tomlinson*. There, Khoury sued Tomlinson in his individual capacity, and the trial court rendered a final judgment against Tomlinson in that capacity. *Tomlinson*, 624 S.W.3d at 602. However, in two post-judgment turnover orders, the trial court ordered Tomlinson to turn over various trust assets, even though neither the trust nor its trustee were parties to the turnover proceedings. *See id.* The First Court of Appeals held:

> Although Tomlinson was before the court in his individual capacity, he was not sued, and did not appear, in his capacity as trustee of the Trust. Therefore, he, as trustee of the Trust, was not "properly before the trial court *as a result of service, acceptance, or waiver of process, or an appearance.*"[7] . . . Under these circumstances, we conclude the trial court lacked jurisdiction over the Trust. . . .

*Id.* at 610 (emphasis added). Here, CCH generally appeared in its capacity as trustee by seeking affirmative relief to which it was only entitled in that capacity. *Tomlinson* does not compel a contrary conclusion.

---

[7] In its brief, CCH replaced the italicized portion of this quote with ellipses.

Finally, CCH cites *In re Ashton*. But *Ashton* acknowledges that "for relief to be ordered against a trust, its trustee must be properly before the trial court as a result of service, acceptance, or waiver of process, *or an appearance*." 266 S.W.3d at 604 (emphasis added). *Ashton* affords CCH no relief.

Parties who conclusively establish they were not served with process "are entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006). But "diligence is required from properly served parties *or those who have appeared*." *Id.* (emphasis added). CCH relied solely on the premise that it was not served in its capacity as trustee for its bill of review; it denied it generally appeared and made no effort to show diligence.[8]

Because CCH generally appeared as trustee in the underlying case, the trial court did not err in granting Kush's summary-judgment motion and denying CCH's motion. Accordingly, we overrule CCH's two issues.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Hassan.

---

[8] When, as here, the petitioner participated in the underlying lawsuit, it must show a meritorious ground for appeal. *Morris*, 464 S.W.3d at 805. CCH cannot show a meritorious ground for appeal because neither CCH individually nor in its capacity as trustee filed the requisite notice pursuant to Property Code section 5.203(a). *See Covenant Clearinghouse I*, 607 S.W.3d at 861-62.

11