

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00035-CV

---

## IN RE MONTE GREGG, INDIVIDUALLY AND AS TRUSTEE OF THE KENNETH GREGG TRUST, RELATOR

---

ORIGINAL PROCEEDING

---

May 29, 2025

## OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

Before PARKER and DOSS and YARBROUGH, JJ.

Relator Monte Gregg filed a petition asking this Court to issue a writ of mandamus against respondent, the Honorable Benjamin A. Webb, judge of the County Court at Law No. 3 of Lubbock County. Monte[1] seeks an order compelling Judge Webb to vacate a return order he issued on December 30, 2024. We conditionally grant the petition.

---

[1] Because many of the parties share the same surname, we will refer to them by their first names after their initial introductions.

## BACKGROUND

Kenneth Gregg is the owner of thousands of acres of land in multiple counties on which he has conducted substantial farming operations. In 2023, he experienced complex and severe health issues, including the amputation of a portion of his left leg and a diagnosis of moderate to severe dementia. In June and October of 2023, Kenneth transferred certain real property and cattle to his son Monte. In December of 2023, Lucretia Howe and Sharla Gregg, Kenneth's daughters, filed an application for appointment of temporary and permanent guardianship of Kenneth. On December 22, the trial court entered an order appointing Lucretia temporary guardian of Kenneth's estate. In July of 2024, Kenneth purportedly created a trust, named Monte as trustee, and conveyed all of his remaining property to the trust. After holding a hearing over the course of three days in May and July of 2024, the trial court entered its *Order Appointing Permanent Guardian*.[2]

After being named permanent guardian of Kenneth's estate, Lucretia filed a motion requesting the return and delivery of equipment and proceeds combined with a request for extension to file an inventory and appraisement. This motion was filed against and served on Monte only in his individual capacity and not as trustee. After holding a hearing on Lucretia's motion, the trial court signed an order for the return of equipment and proceeds (return order) on December 30, 2024. Monte filed the instant original proceeding, both individually and as trustee, challenging this return order.

---

[2] In a separate proceeding, Monte has appealed the trial court's *Order Appointing Permanent Guardian*.

2

Monte's petition challenges the return order on four bases: (1) the return order constitutes an impermissible prejudgment attachment, (2) the return order exercises authority over him in all capacities even though he is not a party to the suit as trustee, (3) Lucretia filed an original petition in the guardianship action rather than as a separate suit, and (4) the return order is impermissibly overbroad and vague. Because we find Monte's second argument dispositive, we will limit our analysis to that issue.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The relator bears the burden of proving these two requirements. *Id.*

A trial court abuses its discretion when it clearly fails to analyze or apply the law correctly. *Id.* We will not disturb a trial court's decision unless it amounts to a clear and prejudicial error of law or fails to correctly analyze or apply the law to the facts. *Id.* at 302–03. To prevail, the relator must establish that the trial court could have reasonably reached only one decision. *Id.* at 303.

Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)). Because mandamus is intended to be an extraordinary remedy, it is available only in limited circumstances. *Id.* The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other

3

remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding)). We review the trial court's determination of the legal principles controlling its ruling with limited deference. *Id.*

## ANALYSIS

Monte's second issue contends that the return order improperly exercises control over him in all capacities even though he was not a party to the suit as trustee. Lucretia responds that no trust was properly created because Texas law prohibits the transfer of Kenneth's property out of his estate while he is under an active guardianship.

As an initial matter, we must determine whether Kenneth possessed the authority to create the Kenneth Gregg Trust while under the temporary guardianship created by the trial court's order of December 22, 2023. Lucretia cites *Baldwin v. Davis Hill Oil Co.*, 245 S.W.2d 353, 361–62 (Tex. App.—Beaumont 1951, writ ref'd n.r.e.), as establishing that transfers of property by a ward during a period when the ward was under an active guardianship are invalid. However, *Baldwin* is a 1951 opinion that addresses the validity of two competing transfers of property, one made by the ward and the other by the guardian, and involves a permanent guardianship. *Id.* at 357, 361. Also, we do not read *Baldwin* as categorically establishing that a ward's transfer of property while under an active guardianship is invalid; rather, it holds that a ward's purported transfer of property is disaffirmed when a guardian makes a conflicting court-approved transfer of the same property. *Id.* at 362. Finally, *Baldwin* was decided well before the enactment and codification of chapter 1151 of the Texas Estates Code, and we conclude that it is the

4

Estates Code that controls whether Kenneth could create the trust while under a temporary guardianship.

It is undisputed that Kenneth was under a temporary guardianship at the time he purportedly created the Kenneth Gregg Trust and transferred his property to it. The Estates Code provides that "[a]n incapacitated person for whom a guardian is appointed retains all legal and civil rights and powers except those designated by court order as legal disabilities by virtue of having been specifically granted to the guardian." TEX. EST. CODE ANN. § 1151.001. This provision creates a presumption that a ward retains all powers not specifically granted to the guardian. *Daves v. Daniels*, 319 S.W.3d 938, 942 (Tex. App.—Austin 2010, pet. denied) (applying former Probate Code provision). Here, the temporary guardianship order in place at the time of Kenneth's purported transfer of his property to the trust specifically states that Lucretia's power over Kenneth's estate "shall be limited to possessing assets of the Ward's estate, spending of estate funds for the daily care of KENNETH GREGG, and protecting and preserving estate assets." Nothing in the temporary guardianship order prohibited Kenneth from creating a trust or expressly granted the right to create a trust to the temporary guardian of the estate. Thus, we must presume that Kenneth retained the right to create the Kenneth Gregg Trust in July of 2024. Further, the temporary guardianship did not expressly prevent Kenneth from transferring any estate property and did not give Lucretia the exclusive right over all estate property.[3] Since nothing in the record rebuts the presumption that Kenneth retained the authority to create a trust, we conclude that he retained that authority.

---

[3] While we conclude that Kenneth retained the right to create a trust, "[a] trust cannot be created unless there is trust property." TEX. PROP. CODE ANN. § 112.005. Whether Kenneth retained the authority

5

Monte's contention is that the return order is void because it asserts jurisdiction over him in his capacity as trustee but he was not named as a party nor served in that capacity. "A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction [over] either the parties or the subject matter of the lawsuit." *In re Mask*, 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding). Generally, a trial court does not acquire jurisdiction to enter a judgment or order against a respondent unless the record shows that the respondent was properly served with citation, made an appearance, or waived service in writing at the time the judgment or order was entered. *Id.* (citing Tex. R. Civ. P. 124 and *Werner v. Colwell*, 909 S.W.2d 866, 869–70 (Tex. 1995)). A judgment or order that is entered before the court acquires jurisdiction over the parties against whom relief is ordered is void. *Id.* Suits against a trust must be brought against its legal representative, the trustee. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curiam). For relief to be ordered against a trust, its trustee must be made a party by service, acceptance, or waiver of service. *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding).

In the present case, the Kenneth Gregg Trust was not named as a party to Lucretia's motion seeking an order for the return of property. While Monte was named as a party and was before the trial court in his individual capacity, he was not sued in his capacity as trustee. Because the return order was entered against Monte "in all capacities," including as trustee of the Kenneth Gregg Trust, the return order grants relief

---

to fund the trust is a separate question related to the validity of the trust's creation, which is not an issue before us in this original proceeding. However, we do note that a trust, through its trustee, must be made a party to an action which seeks to invalidate the trust. *Tomlinson v. Khoury*, 624 S.W.3d 601, 610 (Tex. App.—Houston [1st Dist.] 2020, pet. denied); *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding).

against the trust.  But, because the trial court lacked jurisdiction over the trust, its return order was void.  *Id.*; *see In re Mask*, 198 S.W.3d at 235 (order appointing temporary guardians void when trial court had not acquired jurisdiction over putative incapacitated person at time order was signed).  Because the return order is void, Monte need not show that he lacks an adequate remedy at law, and mandamus is appropriate.  *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Ashton*, 266 S.W.3d at 604.

## CONCLUSION

Having determined that the return order is void, we conditionally grant Monte's petition for writ of mandamus and direct the trial court to vacate its return order.[4]  We will issue our writ only if the trial court fails to comply.


Judy C. Parker
Justice

---

[4] On January 17, 2025, Monte filed a Motion for Emergency Temporary Relief requesting that this Court stay enforcement of the return order.  By Order of this Court, we granted the requested stay on January 22.  Due to our resolution of Monte's petition, we vacate our January 22, 2025 Order.

7